**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| JACOB TAYLOR SHEPARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20 CV 186 MTS |
| ) | |
| CAPE GIRARDEAU COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Jacob Taylor Shepard for leave to commence this civil action without prepayment of the required filing fee, Doc. [8]. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $2.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file a second amended complaint in accordance with the instructions set forth in this order.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion for leave to proceed in forma pauperis, plaintiff has submitted a certified inmate account statement, Doc. [10]. The account statement shows an average monthly deposit of $10.00. The Court will therefore assess an initial partial filing fee of $2.00, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction"

means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. On August 24, 2020, he submitted a partially-completed prisoner civil rights complaint form, in which he failed to list any defendants. Plaintiff also neglected to either file a motion for leave to proceed in forma pauperis or pay the filing fee.

On November 20, 2020, the Court directed plaintiff to file an amended complaint on a Court-provided form, and provided instructions on how to do so. The Court further ordered plaintiff to either file for leave to proceed in forma pauperis or pay the filing fee. He was given thirty days in which to comply.

On January 8, 2021, plaintiff filed an amended complaint, along with a motion for leave to proceed in forma pauperis, and a motion for appointment of counsel. Docs. [7, 8, 9].

### The Amended Complaint

3

Plaintiff's amended complaint is brought pursuant to 42 U.S.C. § 1983. He names the Cape Girardeau County Jail and the St. Francis Medical Center as defendants. Doc. [4 at 2-3]. His "Statement of Claim" consists of what appears to be a chart, with names connected to allegations by way of arrows. None of the individuals mentioned in the "Statement of Claim" are listed as defendants.

As best the Court can tell, plaintiff is complaining about injuries sustained after correctional officers used force against him at the Cape Girardeau County Jail. Without providing any context, plaintiff alleges that Officer Reavis "hit [him] in [his] chest cavity in the isolation cell," while Officer Friedrichs "sprayed" him. Doc. [7 at 4]. Plaintiff apparently suffered a "head injury" in the cell while he was in handcuffs, which rendered him unconscious.

Plaintiff also asserts that an individual named Cody Palmer "popped [his] chest cavity back straight and line it up enough for it to heal back together." *Id*. The "Statement of Claim" does not indicate Palmer's job title or employer. Plaintiff further states that an individual named Carr placed "meds in [his] drink when [he] refused them." *Id*.

Though plaintiff's "Statement of Claim" mostly concerns his being injured due to correctional officers using force against him, he also asserts that he made a report against Officer Reavis under the Prison Rape Elimination Act (PREA). *Id*. Following this report, Officer Reavis refused to allow plaintiff to see the supervisor, and "took [him] to the shower himself to watch [him] shower." *Id*.

As a result of this incident, plaintiff is seeking unspecified damages for pain and suffering, hospital bills, and future medical expenses. Doc. [7 at 10].

4

**Discussion**

Plaintiff has filed an amended complaint pursuant to 42 U.S.C. § 1983. Because plaintiff is proceeding in forma pauperis, the Court has reviewed the amended complaint under 28 U.S.C. § 1915. Based on that review, the Court has determined that this action is subject to dismissal. However, plaintiff will be given an opportunity to file a second amended complaint according to the instructions set forth in this order.

A. **Deficiencies in Amended Complaint**

Plaintiff's amended complaint is deficient for several reasons. First, plaintiff has named the Cape Girardeau County Jail as a defendant. A county jail, however, is not a legal entity amenable to suit. *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"). *See also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). As such, the claim against the Cape Girardeau County Jail is subject to dismissal.

Second, with regard to St. Francis Medical Center, plaintiff has not adequately demonstrated that St. Francis acted under color of state law. *See Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) (explaining that a defendant in a 42 U.S.C. § 1983 action can only be held liable for actions taken under color of state law). Even if St. Francis Medical Center is assumed to be a state actor, plaintiff has not established that his constitutional rights were violated due to a St. Francis policy, custom, or official action. *See Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a

5

corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983").

Finally, as to the individuals listed in the "Statement of Claim," plaintiff has not properly identified them as defendants, despite being instructed on how to do so in the Court's order of November 20, 2020. In particular, plaintiff has not placed these individuals in the case caption, has not listed them in the section of the form complaint to identify the parties, has not provided their job titles or employers, and has not asserted the capacity in which they are sued. Furthermore, plaintiff has not provided a short and plain statement of his claim against each specific defendant.

For all these reasons, plaintiff's amended complaint fails to state a claim and is subject to dismissal. However, because plaintiff is a self-represented litigant, the Court will direct him to file a second amended complaint according to the instructions set forth below.

### B. Amendment Instructions

Plaintiff should type or neatly print his second amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the second amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, **all the defendants must be clearly listed**. Furthermore, in the section of the form complaint for identifying the parties, plaintiff must provide the name, job title, and employer for each defendant he is suing. Additional sheets of paper may be used as necessary.

Plaintiff should fill out the complaint form in its entirety. The second amended complaint must be signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The Court notes that in his amended complaint, plaintiff appeared to be raising a claim about the use of force against him, and the injuries he suffered. However, he also added an allegation regarding a PREA violation, which seemed to have no relation to his other claim. **The second amended complaint should only include claims that arise out of the same transaction or occurrence.** In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In his amended complaint, plaintiff provided a "Statement of Claim" that resembled a chart, with names and arrows and allegations arranged in a confusing manner. This is not adequate to state a claim. In structuring his second amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of a second amended complaint **completely replaces** the original complaint and the amended complaint. This means that claims that are not re-alleged in the second amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to follow the instructions set forth above may result in the

dismissal of this action. Furthermore, if plaintiff fails to file a second amended complaint on a Court-provided form within thirty days, the Court will dismiss this action without prejudice and without further notice.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. Doc. [9]. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. In particular, the Court is not convinced that plaintiff has stated a nonfrivolous claim, and that either the Court or plaintiff will benefit from the assistance of counsel. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis, Doc. [8] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $2.00 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel Doc. [9] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint on a Court form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file a second amended complaint on a Court form within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 11th day of March, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE