# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JACOB TAYLOR SHEPARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20 CV 186 MTS |
| ) | |
| CAPE GIRARDEAU COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of Plaintiff Jacob Taylor Shepard's second amended complaint pursuant to 28 U.S.C. § 1983. For the reasons discussed below, the Court will direct Plaintiff to file a third amended complaint according to the instructions contained in this order.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820

F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. At the time relevant to the complaint, however, he was an inmate at the Cape Girardeau County Jail.

On August 24, 2020, Plaintiff filed a civil action on a Court-provided 42 U.S.C. § 1983 form. Doc. [1]. Plaintiff left large parts of the complaint form blank. For example, he did not name any defendants, fill out a "Statement of Claim," describe any injuries, or request any relief.

2

In a letter attached to the form complaint, Plaintiff stated that he does not have the name of the defendant. Doc. [1] at 10. In a second letter, Plaintiff explained that he was prescribed Invega, and that it worsened his symptoms from paranoid schizophrenia, bipolar disorder, and depression, and gave him suicidal thoughts. Doc. [1] at 11. He asserted that he tried to commit suicide a total of thirty-eight times in the last four months, and that "they refuse to let me go to the hospital to figure out" what is going on. Plaintiff attributed his medical issues to the medication "they have prescribed," though he did not know the extent of his medical problems. Doc. [1] at 12.

Along with the complaint, Plaintiff filed a motion for appointment of counsel. Doc. [2]. However, Plaintiff did not pay the filing fee or file a motion for leave to proceed in forma pauperis.

On November 20, 2020, the Court directed Plaintiff to either file a motion for leave to proceed in forma pauperis or pay the filing fee. Doc. [4]. Because his initial complaint did not name any defendants, he was also ordered to file an amended complaint on a Court-provided form. The Court's order provided instructions for filling out his amended complaint.

On January 8, 2021, Plaintiff filed a motion for leave to proceed in forma pauperis. Doc. [8]. The motion was granted, and Plaintiff was assessed an initial partial filing fee. On that same date, Plaintiff also submitted an amended complaint. Doc. [7]. The amended complaint was on a Court-provided 42 U.S.C. § 1983 complaint form. The Cape Girardeau County Jail and St. Francis Medical Center were named as defendants.

The amended complaint's "Statement of Claim" consisted of what appeared to be a chart, with names connected to allegations by way of arrows. None of the individuals mentioned in the "Statement of Claim" were listed as defendants.

As best the Court could tell, Plaintiff was complaining about injuries sustained after correctional officers used force against him at the Cape Girardeau County Jail. Without providing

3

any context, Plaintiff alleged that Officer Reavis "hit [him] in [his] chest cavity in the isolation cell," while Officer Friedrichs "sprayed" him. Doc. [7] at 4. Furthermore, Plaintiff apparently suffered a "head injury" in the cell while he was in handcuffs, which rendered him unconscious. It was unclear whether this took place on the same occasion that he was allegedly hit in the chest by Officer Reavis.

Plaintiff also asserted that an individual named Cody Palmer "popped [his] chest cavity back straight and line[d] it up enough for it to heal back together." The "Statement of Claim" does not indicate Palmer's job title or employer. Plaintiff further stated that an individual named Carr placed "meds in [his] drink when [he] refused them."

Though Plaintiff's amended complaint mostly dealt with an alleged injury that occurred when correctional officers used force against him, he also asserted that he made a report against Officer Reavis under the Prison Rape Elimination Act (PREA). Following this report, Officer Reavis refused to allow Plaintiff to see the supervisor, and "took [him] to the shower himself to watch [him] shower."

As a result of this incident, Plaintiff sought unspecified damages for pain and suffering, hospital bills, and future medical expenses.

Because Plaintiff was proceeding in forma pauperis, the Court reviewed his amended complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court determined that the amended complaint was subject to dismissal. The Court specifically noted three deficiencies. First, Plaintiff had named the Cape Girardeau County Jail as a defendant, but a county jail is not a distinctly suable entity. Doc. [12] at 5. Second, with regard to St. Francis Medical Center, Plaintiff had not established that St. Francis acted under color of state law, or injured him due to a policy, custom, or official action. Doc. [12] at 5-6. Finally, with regard to the individuals listed in the

4

"Statement of Claim," the Court explained that they were not properly identified as defendants, despite being instructed about this issue in the Court's November 20, 2020 order. Doc. [12] at 6. In particular, Plaintiff had not identified these individuals in the case caption, had not listed them in the appropriate section of the form complaint, had not provided their job titles or employers, and had not asserted the capacity in which they were sued. Plaintiff further neglected to provide a short and plain statement of his claim against each defendant.

Rather than dismissing the amended complaint, the Court gave him another opportunity to amend it. The Court again provided detailed instructions regarding the filing of a second amended complaint. As to the naming of defendants, the Court advised Plaintiff on the necessity of properly identifying the persons he was attempting to sue. He was explicitly told that all defendants had to be clearly listed, and that the name, job title, and employer of each defendant must be provided. With regard to the "Statement of Claim," the Court instructed Plaintiff on the necessity of providing a short and plain statement of the factual allegations supporting his claim against each defendant. Doc. [12] at 7. Plaintiff was also told of the necessity to specify whether a defendant was sued in an official capacity, and individual capacity, or both. The Court warned Plaintiff that the failure to follow the instructions provided in the order might result in the dismissal of his case. Doc. [12] at 8-9.

Plaintiff was given thirty days in which to file a second amended complaint. He submitted the second amended complaint on March 22, 2021.

## The Second Amended Complaint

Plaintiff's second amended complaint is on a Court-provided 42 U.S.C. § 1983 form. He names the Cape Girardeau Sheriff's Department and St. Francis Hospital as defendants. Doc. [13] at 2-3.

In the "Statement of Claim," Plaintiff alleges that his "skull was split by Dacus and another officer" in May 2020, while he was in the Cape Girardeau County Jail. Doc. [13] at 3. He asserts that his head was injured when they "slammed" it "against the wall."

Subsequently, Plaintiff filed multiple sick calls, but "they waited until July to take me to the hospital after [he] almost died." He states that "Ms. Carr was in the cell when it happened." He claims that employee malpractice occurred, and that he suffered a personal injury, stating that his "head is still messed up and it has been almost a year." Doc. [13] at 3-4.

Plaintiff also states that he "reported the PREA event and [he] was retaliated against for filing this 1983." Doc. [13] at 4. With regard to the purported retaliation, Plaintiff references a second 42 U.S.C. § 1983 case that he has filed.[1]

Plaintiff notes that he is "disabled" and being made to do "paperwork" in which he does not "know what to do or say." He accuses the Court of trying "to protect [the] county jail" by refusing to give him "an attorney that has the means and the know how to file and take care of everything." Plaintiff closes the "Statement of Claim" by asserting that he has memory loss and does not have access to his notes.

As a result of this incident, Plaintiff seeks "more than [$] 75,000" in damages. Doc. [13] at 5.

## Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983, naming the Cape Girardeau County Sheriff's Department and St. Francis Hospital as defendants. Because Plaintiff is proceeding in forma pauperis, the Court has reviewed his second amended complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court has determined that the

---

[1] The case is *Shepard v. Cape Girardeau Sheriff's Office, et al.*, No. 1:21-cv-21-SNLJ (E.D. Mo. Feb. 4, 2021). The matter is still pending.

6

second amended complaint shares many of the same deficiencies as the amended complaint, and is subject to dismissal. However, the Court will give Plaintiff a third opportunity to amend his complaint in accordance with the instructions set forth below.

### A. Deficiencies in Complaint

Plaintiff's second amended complaint is deficient and subject to dismissal for several reasons. First, Plaintiff has named the Cape Girardeau County Sheriff's Department as a defendant. However, a sheriff's department is a department of local government, and not a distinctly suable entity. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). As such, the claim against the Cape Girardeau County Sheriff's Department fails.

Second, with regard to St. Francis Hospital, Plaintiff has failed to demonstrate that the hospital acted under color of state law, despite the Court specifically advising him of this requirement. *See Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) (stating that a defendant can only be held liable pursuant to 42 U.S.C. § 1983 for actions taken under color of state law). Even if St. Francis Hospital is assumed to be a state actor, Plaintiff has not shown that he was injured due to a St. Francis policy, custom, or official action. *See Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020).

Third, Plaintiff appears to be attempting to sue various individuals, but he has not properly identified them as defendants. Again, in its previous order, the Court specifically instructed

7

Plaintiff that each defendant had to be placed in the caption and listed in the appropriate section of the form complaint. Furthermore, Plaintiff needed to provide the job title and employer of each defendant, as well as the capacity in which each defendant was sued. Plaintiff has not done this. Instead, he provides two names in the "Statement of Claim" without identifying these individuals as defendants, or following the Court's instructions on how to state his allegations against them.

For all these reasons, Plaintiff's second amended complaint fails to state a claim and is subject to dismissal. However, because Plaintiff is a self-represented litigant, the Court will direct him to file a third amended complaint according to the instructions set forth below.

### B. Amendment Instructions

Plaintiff should type or neatly print his third amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented Plaintiffs or petitioners should be filed on Court-provided forms"). If the third amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, Plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. However, **all the defendants must be clearly listed**. Furthermore, in the section of the form complaint for identifying the parties, Plaintiff must provide the name, job title, and employer for each defendant he is suing. Additional sheets of paper may be used as necessary. **Plaintiff is required to properly identify each individual or entity that he is trying to sue**.

Plaintiff should fill out the complaint form in its entirety. The third amended complaint must be signed.

In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The Court notes that in his second amended complaint, Plaintiff appeared to be raising a claim about the use of force against him, and the injuries he suffered. However, he also added an allegation regarding a PREA violation, and a retaliation claim, neither of which appear related to the excessive force and deliberate indifference claims. As before, the Court advises Plaintiff that t**he third amended complaint should only include claims that arise out of the same transaction or occurrence.** In other words, Plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, Plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his third amended complaint, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If Plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

For example, if Plaintiff intends to sue Officer Dacus, he should identify Officer Dacus as a defendant in the case caption, and in the appropriate section of the form complaint. In the "Statement of Claim" section, Plaintiff should write down Officer Dacus's name. Then, in numbered paragraphs beneath that name, he should write down exactly what Officer Dacus did to him to violate his constitutional rights. **Plaintiff should do this with each separate defendant**.

9

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. **The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant**.

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, Plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for Plaintiff to make general allegations against all the defendants as a group. Rather, Plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of a third amended complaint **completely replaces** his prior complaints. This means that claims that are not re-alleged in the third amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the third amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. **Plaintiff's failure to follow the instructions set forth above may result in the dismissal of this action.** Furthermore, if Plaintiff fails to file a third amended complaint on a Court-provided form within thirty days, the Court will dismiss this action without prejudice and without further notice.

### C. Motion for Extension of Time to Pay Filing Fee

Plaintiff has filed a document with the Court that has been construed as a motion for an extension of time in which to pay the initial partial filing fee. Doc. [14]. Having reviewed the motion, the Court finds that it should be granted. Plaintiff will be given a thirty day extension in which to pay the initial partial filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for an extension of time in which to pay the initial partial filing fee Doc. [14] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $2.00 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to Plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall file a third amended complaint on a Court form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

11

**IT IS FURTHER ORDERED** that if Plaintiff fails to file a third amended complaint on a Court form within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of Plaintiff's third amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 6th day of April, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE