# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JACOB TAYLOR SHEPARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20 CV 186 MTS |
| | ) | |
| CAPE GIRARDEAU COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on review of plaintiff Jacob Taylor Shepard's third amended complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court will dismiss this action without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. At the time relevant to this complaint, however, he was an inmate at the Cape Girardeau County Jail.

On August 24, 2020, plaintiff filed a civil action on a Court-provided 42 U.S.C. § 1983 form. Doc. [1]. Plaintiff left large parts of the complaint form blank. For example, he did not name any defendants, fill out a "Statement of Claim," describe any injuries, or request any relief.

In a letter attached to the form complaint, plaintiff stated that he does not have the name of the defendant. *Id.* at 10. In a second letter, plaintiff explained that he was prescribed Invega, and

that it worsened his symptoms from paranoid schizophrenia, bipolar disorder, and depression, and gave him suicidal thoughts. *Id*. at 11. He asserted that he tried to commit suicide a total of thirty-eight times in the last four months, and that "they refuse to let [him] go to the hospital to figure out" what is going on. Plaintiff attributed his medical issues to the medication "they have prescribed," though he did not know the extent of his medical problems. *Id.* at 12.

Along with the complaint, plaintiff filed a motion for appointment of counsel. Doc. [2]. However, plaintiff did not pay the filing fee or file a motion for leave to proceed in forma pauperis.

On November 20, 2020, the Court directed plaintiff to either file a motion for leave to proceed in forma pauperis or pay the filing fee. Doc. [4]. Because his initial complaint did not name any defendants, he was also ordered to file an amended complaint on a Court-provided form. The Court's order provided instructions for filling out his amended complaint.

On January 8, 2021, plaintiff filed a motion for leave to proceed in forma pauperis. Doc. [8]. The motion was granted, and plaintiff was assessed an initial partial filing fee. On that same date, plaintiff also submitted an amended complaint. Doc. [7]. The amended complaint was on a Court-provided 42 U.S.C. § 1983 form. The Cape Girardeau County Jail and St. Francis Medical Center were named as defendants.

The amended complaint's "Statement of Claim" consisted of a chart of sorts, with names connected to allegations by way of arrows. *Id.*  None of the individuals mentioned in the "Statement of Claim" were listed as defendants.

As best the Court could tell, plaintiff was complaining about injuries sustained after correctional officers used force against him at the Cape Girardeau County Jail. Without providing any context, plaintiff alleged that Officer Reavis "hit [him] in [his] chest cavity in the isolation cell," while Officer Friedrichs "sprayed" him. Doc. [7] at 4. Plaintiff also asserted that he suffered

3

a "Head Injury in the cell in A-1 off camera while in handcuffs." *Id.* It is unclear whether this took place on the same occasion when he was allegedly hit in the chest by Officer Reavis. There is an arrow pointing to an individual named Dacus, but no allegations that Dacus caused the head injury. *Id.*

Plaintiff also asserted that an individual named Cody Palmer "popped [his] chest cavity back straight and line[d] it up enough for it to heal back together." *Id.* The "Statement of Claim" does not indicate Palmer's job title or employer. Plaintiff further states that an individual named Carr placed "meds in [his] drink when [he] refused them." *Id.*

Though plaintiff's amended complaint mostly dealt with an alleged injury that occurred when correctional officers used force against him, he also asserted that he made a report against Officer Reavis under the Prison Rape Elimination Act (PREA). Following this report, Officer Reavis refused to allow plaintiff to see the supervisor, and "took [him] to the shower himself to watch [him] shower." *Id.*

As a result of this incident, plaintiff sought unspecified damages for pain and suffering, hospital bills, and future medical expenses. *Id.* at 5.

Because plaintiff was proceeding in forma pauperis, the Court reviewed his amended complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court determined that the amended complaint was subject to dismissal. The Court specifically noted three deficiencies. First, plaintiff had named the Cape Girardeau County Jail as a defendant, but a county jail is not a distinctly suable entity. Doc. [12] at 5. Second, with regard to St. Francis Medical Center, plaintiff had not established that St. Francis acted under color of state law, or injured him due to a policy, custom, or official action. *Id.* at 5-6. Finally, with regard to the individuals listed in the "Statement of Claim," the Court explained that they were not properly identified as defendants, despite being

4

instructed about this issue in the Court's November 20, 2020 order. *Id.* at 6. In particular, plaintiff had not identified these individuals in the case caption, had not listed them in the appropriate section of the form complaint, had not provided their job titles or employers, and had not asserted the capacity in which they were sued. Plaintiff further neglected to provide a short and plain statement of his claim against each defendant.

Rather than dismissing the amended complaint, the Court gave him another opportunity to amend. The Court again provided detailed instructions regarding the filing of a second amended complaint. *Id.* at 6-8. As to the naming of defendants, the Court advised plaintiff on the necessity of properly identifying the persons he was attempting to sue. *Id.* He was explicitly told that all defendants had to be clearly listed, and that the name, job title, and employer of each defendant must be provided. *Id.*

With regard to the "Statement of Claim," the Court instructed plaintiff on the necessity of providing a short and plain statement of the factual allegations supporting his claim against each defendant. *Id.* at 7. Plaintiff was also told of the necessity of specifying whether a defendant was sued in an official capacity, an individual capacity, or both. The Court warned plaintiff that the failure to follow the instructions provided in the order might result in the dismissal of his case. *Id.* at 8-9.

Plaintiff was given thirty days in which to file a second amended complaint. He submitted the second amended complaint on March 22, 2021. Doc. [13].

Plaintiff's second amended complaint was on a Court-provided 42 U.S.C. § 1983 form. He named the Cape Girardeau Sheriff's Department and St. Francis Hospital as defendants. *Id.* at 2-3.

In the "Statement of Claim," plaintiff alleged that his "skull was split by Dacus and another officer" in May 2020, while he was in the Cape Girardeau County Jail. *Id.* at 3. He asserted that his head was injured when they "slammed" it "against the wall."

Subsequently, plaintiff filed multiple sick calls, but "they waited until July to take me to the hospital after [he] almost died." He stated that "Ms. Carr was in the cell when it happened." He claimed that employee malpractice occurred, and that he suffered a personal injury, stating that his "head is still messed up and it has been almost a year." *Id.* at 3-4.

Plaintiff also stated that he "reported the PREA event and [he] was retaliated against for filing this 1983." *Id.* at 4. With regard to the purported retaliation, plaintiff referenced a second 42 U.S.C. § 1983 case that he filed.[1]

Plaintiff further noted that he is "disabled" and being made to do "paperwork" in which he does not "know what to do or say." *Id.* He accused the Court of trying "to protect [the] county jail" by refusing to give him "an attorney that has the means and the know how to file and take care of everything." *Id.* Plaintiff closed the "Statement of Claim" by asserting that he has memory loss and does not have access to his notes. *Id.* As a result of this incident, plaintiff sought "more than [$] 75,000" in damages. *Id.* at 5.

As before, the Court reviewed plaintiff's second amended complaint under 28 U.S.C. § 1915. Once again, the Court determined that the second amended complaint was deficient and subject to dismissal. Doc. [15] at 7. First, plaintiff named the Cape Girardeau County Sheriff's Department as a defendant. However, the sheriff's department was a department of local government, and not a distinctly suable entity.

---

[1] The case is *Shepard v. Cape Girardeau Sheriff's Office, et al.*, No. 1:21-cv-21-SNLJ (E.D. Mo. Feb. 4, 2021). The matter is still pending.

Second, with regard to St. Francis Hospital, plaintiff failed to demonstrate that the hospital acted under color of state law, despite the Court specifically advising him of this requirement in its previous order. Even if St. Francis Hospital was assumed to be a state actor, plaintiff had not shown that he was injured due to a St. Francis policy, custom, or official action.

Third, plaintiff appeared to be attempting to sue various individuals, but had not properly identified them as defendants. In its previous order, the Court had specifically instructed plaintiff that each defendant had to be placed in the caption and listed in the appropriate section of the form complaint. Doc. [12] at 6. Furthermore, plaintiff was directed to provide the job title and employer of each defendant, as well as the capacity in which each defendant was sued. *Id.* Plaintiff did not follow these directions. Instead, he referred to two individuals in the "Statement of Claim" without identifying them as defendants, or following the Court's instructions on how to state his allegations against them.

For all these reasons, the Court determined that plaintiff's second amended complaint failed to state a claim and was subject to dismissal. Doc. [15]. Once more, however, he was given an opportunity to correct the deficiencies noted by the Court. Plaintiff was ordered to file a third amended complaint, and given detailed instructions on how to do so. He was directed to submit his third amended complaint within thirty days. The third amended complaint was filed on May 3, 2021. Doc. [16].

### The Third Amended Complaint

Plaintiff's third amended complaint is handwritten on a Court-provided 42 U.S.C. § 1983 form. The Cape Girardeau Sheriff's Office is named as the sole defendant. *Id.* In his "Statement of Claim," plaintiff asserts that "[t]he cops beat [him] up and cracked [his] head." *Id.* at 3. Due to

7

this, plaintiff had to undergo x-rays and a CAT scan. He states that he has medical bills from these procedures, and that his "head is messed up." *Id.*

Plaintiff further alleges that he has been "retaliated" against the whole time he was in the Cape Girardeau Jail, and that "they almost cost [him his] life playing games." *Id.* at 3-4. He notes that he has filed "another ongoing case for retaliation." *Id.* at 4.

Plaintiff closes the "Statement of Claim" by stating that he does "not know how to do this paperwork" and has not been allowed "to talk to someone who does." He further alleges that his head is permanently "messed up." *Id.* As a result, plaintiff is seeking upwards of $75,000 in damages. *Id.* at 5.

**Discussion**

Plaintiff is a self-represented litigant who has filed a third amended complaint pursuant to 42 U.S.C. § 1983, naming the Cape Girardeau Sheriff's Office as the defendant. The third amended complaint replaces plaintiff's prior complaints. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). Because plaintiff is proceeding in forma pauperis, the Court reviewed his third amended complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

**A. Cape Girardeau Sheriff's Office**

Plaintiff has named the Cape Girardeau Sheriff's Office as a defendant. However, a sheriff's office is a department of local government, and not a distinctly suable entity. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not

8

juridical entities suable as such"); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). As such, the claim against the Cape Girardeau Sheriff's Office must be dismissed.

Even if Cape Girardeau County itself was substituted as the proper party defendant, plaintiff has failed to state a claim against it. A local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory"). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of Cape Girardeau County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no

9

other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *Jennings v. Wentzville R-IV Sch. Dist.*, 397

F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, it appears that plaintiff is trying to assert the responsibility of Cape Girardeau County based on the doctrine of respondeat superior. That is, in the section of the form complaint for identifying the defendants, plaintiff names the Cape Girardeau Sheriff's Office. *Id.* at 2. Directly beneath that, he has written: "Officers and Medical Staff." *Id.* As noted above, though, a municipality cannot be liable under 42 U.S.C. § 1983 just because it employs a tortfeasor. In other words, even if Cape Girardeau County employed a person who violated plaintiff's constitutional rights, the county itself cannot be held liable solely for that reason. Rather, as discussed above, plaintiff must allege that his rights were violated due to a county policy, custom, or failure to train. He has failed to do this.

With regard to policy, plaintiff's facts point to no Cape Girardeau County "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body" as causing him harm. *Angarita*, 981 F.2d at 1546.

More to the point, there are no facts supporting the proposition that plaintiff's rights were violated due to "a deliberate choice of a guiding principle or procedure made by the [Cape

Girardeau County] official who has final authority regarding such matters." *Corwin*, 829 F.3d 695 at 700.

As to custom, plaintiff's facts do not demonstrate the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" Cape Girardeau County employees, much less that policymaking officials were deliberately indifferent to or tacitly authorized such misconduct. To the contrary, plaintiff appears to be complaining about a single instance of alleged excessive force, rather than a "persistent pattern." *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991) (stating that a court cannot infer the existence of an unconstitutional policy or custom from a single occurrence).

Likewise, plaintiff has failed to establish that his constitutional rights were violated due to Cape Girardeau County's failure to train or supervise its employees, as he has not shown that Cape Girardeau "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *Jennings*, 397 F.3d at 1122. Typically, such notice is demonstrated by a "pattern of similar constitutional violations by untrained employees." *S.M.*, 874 F.3d at 585. Plaintiff's facts do not establish any sort of pattern.

For the reasons discussed above, plaintiff has failed to state a claim against Cape Girardeau County. Thus, to the extent that the county can be substituted as a defendant for the Cape Girardeau Sheriff's Office, the claim against it must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

**B. Preservice Dismissal**

Under 28 U.S.C. § 1915, the Court must dismiss a case filed in forma pauperis if it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In his third amended complaint, plaintiff names only the Cape Girardeau Sheriff's Office as a defendant, despite being advised earlier that it was not a suable entity. Even if Cape Girardeau County itself was substituted as the defendant, plaintiff has not established the county's liability for violating his constitutional rights. Plaintiff has not identified any other defendants in the third amended complaint, which is the operative pleading.

The Court notes that in both his amended and second amended complaints, plaintiff made reference to certain individuals, some of whom appeared to work in the Cape Girardeau Jail. Those individuals were never identified as defendants in the caption or the appropriate section of the form complaint. Furthermore, because they were not properly identified, there was no indication as to whether these persons were sued in an official capacity, an individual capacity, or both.

In giving plaintiff the opportunity to amend three separate times, the Court provided express instructions to the effect that each defendant had to be properly identified, so that the Court knew who plaintiff was actually trying to sue. Indeed, in the Court's order of April 6, 2021, the Court repeated the directive to specifically identify each individual or entity being sued. Doc. [15]. The Court also provided an example, explaining to plaintiff that if he wanted to sue Officer Dacus – an individual mentioned in the "Statement of Claim" of both his amended and second amended complaints – he should place Officer Dacus in the case caption. Then, in the "Statement of Claim," plaintiff was instructed to write down Officer Dacus's name, and below his name, the allegations against him.

Despite these instructions, plaintiff's third amended complaint names only a single defendant, the Cape Girardeau Sheriff's Office. As discussed above, the sheriff's office is not

13

suable, and there are no viable claims against Cape Girardeau County itself. Furthermore, the third amended complaint supercedes all previous complaints, meaning that claims that were not realleged are deemed abandoned. Even if this were not the case, plaintiff's prior complaints also failed to state a claim, due to the deficiencies explained above. Having given plaintiff three opportunities to amend, and providing detailed instructions on how to do so, the Court has determined that it would be futile to direct plaintiff to file a fourth amended complaint. Therefore, this action will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of May, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE